NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LEONIDAS FLORES-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-72634<br><br>Agency No. A205-388-150<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Jose Leonidas Flores-Rodriguez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the contentions Flores-Rodriguez raised for the first time on appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Flores-Rodriguez failed to establish a nexus between the harm he fears in El Salvador and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least 'one central reason' for persecution). We reject Flores-Rodriguez's contentions that the IJ violated his due process rights, *see Lata v. INS*, 204 F.3d 1241, 1046 (9th Cir. 2000) (requiring error to prevail on a due process claim), or that the IJ otherwise erred in analyzing his case, *see Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (agency adequately considered the evidence and sufficiently announced its decision). Thus, Flores-Rodriguez's asylum and

13-72634

withholding of removal claims fail. *See Zetino*, 622 F.3d at 1016.

Substantial evidence also supports the agency's denial of Flores-Rodriguez's CAT claim because he did not demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Silaya*, 524 F.3d at 1073.

We do not consider the materials submitted for the first time with Flores-Rodriguez's opening brief, and reject his request to submit further evidence. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

Finally, Flores-Rodriguez's renewed request for a stay of removal is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

13-72634